PHŒNIX COTTON OIL Co. *v.* ROYAL INDEMNITY Co.

*(Jackson.* April Term, 1918.)

1. **INSURANCE.** Indemnity policy. Necessity of notice.

Under policy indemnifying an employer against actions by employees for injuries requiring as condition precedent to liability of the insurer that immediate notice be given of the injury, the employer could not recover in the absence of such notice, notwithstanding no technical forfeiture was provided for in the policy. (*Post, pp.* 442-444.)

Acts cited and construed: Acts 1895, ch. 160, sec. 22.

Cases cited and approved: Blackman v. Casualty Co., 117 Tenn., 578; Farr v. Travelers' Insurance Co., MSS. Knoxville, 1905; Caldwell v. Insurance Co., 124 Tenn., 594; Manufacturing Co. v. Travelers' Ins. Co., 171 Mass., 357; Rooney v. Casualty Co., 184 Mass., 26; McCord v. Masonic Casualty Co., 201 Mass., 473; Box v. Insurance Co., 170 Mo. App., 361; Travelers' Ins. Co. v. Myers, 62 Ohio St., 529; Underwood Veneer Co. v. Ins. Co., 100 Wis., 378; Mining Co. v. Maryland Casualty Co., 36 Wash., 46.

2. **INSURANCE.** Indemnity policy. Immediate notice.

Under policy indemnifying an employer against actions by employees for injuries requiring as condition precedent to liability of the insurer that immediate notice be given of the injury, the employer could not recover, in the absence of such notice, although notice was given the insurer as soon as the employer's local agent and manager reported to the employer. (*Post. pp.* 444, 445.

3. **INSURANCE.** Indemnity policy. Notice. Effect of delay.

Under policy indemnifying an employer against actions by employees for injuries requiring as condition precedent to liability of the insurer that immediate notice be given of the injury, the employer could not recover, in the absence of immediate notice, although the insurer was not injured by the delay. (*Post, p.* 445.

FROM SHELBY.

Appeal from the Chancery Court of Shelby County. —Hon. F. H. Heiskell, Chancellor.

Gates & Martin, for appellant.

C. L. Marsilliot and F. C. Jacobs, for appellee.

Mr. Chief Justice Neil delivered the opinion of the Court.

The bill was filed in this case to recover of the defendant the sum of $5,000, with interest and costs, money which the complainant was compelled to pay at the suit of one Landon Tipton, one of its employees.

It appears from the bill that the defendant executed to the complainant an indemnity policy, whereby the former agreed to pay the latter the sum of $5,000, and costs of litigation, in case any employee of the latter should be injured in course of his employment, but made it a condition precedent of such liability that the former should "upon the occurrence of any accident covered by this policy give immediate written notice thereof to the company."

It further appears from the bill that on the 28th day of November, 1914, complainant's employee, the

before-mentioned Landon Tipton, received an injury in complainant's mill at Covington, Tenn., for which he was entitled to recover damages; that complainant's manager, at Covington, failed to inform the complainant's chief office at Memphis that such injury had occurred; that on the 29th day of June, 1915, Landon Tipton brought his suit at Memphis, and caused a summons to be served upon the complainant on the 30th day of June, 1915; that this service was the first knowledge complainant's president had that an injury had occurred; that the complainant's manager, at Covington, by oversight, as aforesaid, had failed to inform complainant's office at Memphis; that upon suit being thus brought against complainant it immediately gave notice in writing to the defendant, but the latter replied on August 6, 1915, that because immediate written notice had not been given, it disclaimed all liability; that thereafter the complainant defended the damage suit with all due diligence, but was unable to defeat it, and that judgment was rendered against it, which it subsequently paid, and thereupon, as stated, brought the present suit to recover of defendant $5,000 of the amount of the judgment, and the court costs, also the amount of the attorney's fee it had been compelled to pay.

The bill contained other allegations to the effect that prior to the trial of the damage suit an attorney and representative of the defendant visited the plant at Covington, and there made investigations, inter-

viewing  the  man who was the superintendent of com-
plainant's mill at the time the accident occurred,
and from such former superintendent obtained com-
plete and explicit information, together with the
names of all witnesses who could testify touching
the matter; that the former superintendent gave
defendant's attorney all possible assistance, and
brought to his attention all evidence which could pos-
sibly be produced, or which could have been produced
if the immediate notice of the accident had been given;
that there were no other witnesses that could be
introduced whose testimony would have been of as-
sistance, or favorable to the complainant while defend-
ing that cause; that immediate written notice to the
present defendant, and immediate investigation fol-
lowing the accident, would have developed no other,
further, or additional facts or evidence.

It was further alleged that at no time could the
case have been compromised for less that the amount
which would have been acceptable to Landon Tipton
after the first trial of the case, which occurred on
May 25 and 26, 1916, at which time the present
complainant expressly notified the present defend-
ant that Tipton was willing to accept a reasonable
amount in settlement, and suggested that the present
defendant attempt to settle it.

The bill was demurred to on the ground, in sub-
stance, that it showed no cause of action, since it
appeared therefrom that the condition in respect of
giving immediate notice had not been complied with.

The chancellor overrulled the demurrer, but granted the defendant an appeal under the statute applicable to that subject.

We think the learned chancellor was in error. The failure to give the required notice defeated the policy. By its express terms the giving of immediate notice was made a condition precedent to the right of recovery. The case falls directly within the authority of *Blackman* v. *Casualty Co.,* 117 Tenn., 578, 103 S. W., 784. We are referred to an unreported opinion filed by one member of the court (*Farr* v. *Travelers' Insurance Co.,* MSS. Knoxville, 1905), in which it was said, in substance that a similar provision concerning notice fell within the scope of section 22 of chapter 160, Acts of 1895, known as the Tennessee Insurance Act. Directly the reverse was held in *Blackman* v. *Casualty Co.,* supra, decided a year later, and this resulted in overruling the opinion referred to on the point stated. The writer of the present opinion was a member of the court when *Farr* v. *Travelers' Insurance Co.* was decided, and well remembers the controversy, and that on the matter of notice the court was not unanimous, although the general result attained was concurred in, there having been some peculiar facts which probably excused Mr. Farr from giving notice earlier than he did give it. The opinion was not ordered published in our reports. It remained, therefore, under the rule of this court, only the opinion of the judge who filed it, and valuable merely for its reason-

ing, although the judgment rendered in the case was the judgment of the whole court.

The court does not encourage the citing of the unpublished opinions of its members, and never refers to them unless compelled to do so by a reference of counsel thereto.

The case of *Blackman* v. *Casualty Co.* is, we believe, sound in reason, and it is in full accord with the great weight of authority in other jurisdictions. In addition to the authorities cited in that opinion we may add the following: *Caldwell* v. *Insurance Co.,* 124 Tenn., 594, 139 S. W., 698; *Manufacturing Co.* v. *Travelers' Ins. Co.,* 171 Mass., 357, 50 N. E., 516; *Rooney* v. *Casualty Co.,* 184 Mass., 26, 67 N. E., 882; *Hatch* v. *Casualty Co.,* 197 Mass., 101, 83 N. E., 398, 14 L. R. A. (N. S.), 503, 125 Am. St. Rep., 332, 14 Ann. Cas., 290; *McCord* v. *Masonic Casualty Co.,* 201 Mass., 473, 88 N. E., 6; *Box* v. *Insurance· Co.,* 170 Mo. App., 361, 156 S. W., 740; *Travelers' Ins. Co.* v. *Myers,* 62 Ohio, St., 529, 57 N. E., 458, 49 L. R. A., 760; *Underwood Veneer Co.* v. *Ins. Co.,* 100 Wis., 378, 75 N. W., 996; *Mining Co.* v. *Maryland Casualty Co.,* 36 Wash., 46, 78 Pac., 135, 67 L. R. A., 275.

The complainant insists that, inasmuch as there was no technical forfeiture provided for in the policy, relief should not be denied it. The refusal to grant relief for failure to comply with a condition precedent does not depend on a right of forfeiture, although sometimes inaccurate expressions occur in opinions of the courts that seem to blend the two principles.

See *Box* v. *Insurance Co.,* supra, 170 Mo. App., 371, 156 S. W., 740, quoting a passage from Cooley's Briefs on the Law of Insurance.

It is true that in the policy under examination in *Blackman* v. *Casualty Co.,* supra, there was an express provision for forfeiture on failure to comply with the condition precedent, and this was commented on, and made a point in the decision; but it is not essential that there should be any provision for forfeiture in order to give effect to a condition precedent. This is apparent from the Massachusetts case, and other cases cited, and from the very nature of a condition precedent. As said in *Hatch* v. *United States Casualty Co.,* supra:

"It is to be premised that the giving of this notice is not a condition subsequent, as it has been sometimes called. It is not simply a part of the rule of procedure for the enforcement of the liability of the defendant, as are the provisions of the fifth paragraph in this same policy providing for proofs of loss. The promise to insure is not absolute but conditional. The condition is that the notice, whatever it may be and by whomsoever and whenever given, shall be given. It is a condition precedent to the creation of liability or to the life of the promise; or, to put it perhaps in a better way, the giving of the notice is one of the essentials of the cause of action."

It is true the notice in the case before us was given as soon as complainant received information

Phoenix Cotton Oil Co. v. Royal Indemnity Co.

from its manager at the place where the accident happened, but this was long after the occurrence, and the complainant must be held bound by the negligence of its manager.

Nor is complainant relieved of the legal effect of the failure to give notice by the allegations of the bill to the effect that the Royal Indemnity Company was not injured by the delay. At most, it is a matter about which opinions may differ, as to whether any injury was really caused by the delay under the facts stated; but the inquiry is irrelevant; for if the giving of notice was a condition precedent to the right of recovery, the failure to give it prevented any liability from attaching.

It results that complainant can recover nothing, and the demurrer must be sustained, and the bill dismissed.