William H. FISHER, Sr., Appellant,

v.

MUTUAL OF OMAHA INSURANCE COMPANY, Appellee.

Supreme Court of Tennessee.

Dec. 17, 1973.

Dwight Hawks, Humboldt, John F. Kizer, Milan, for appellant.

Van Dyke, Dunlap, Dunlap & Hessing, Paris, for appellee.

## OPINION

W. M. LEECH, Special Justice.

This is an appeal from a decision of the Law and Equity Court of Gibson County dismissing a complaint seeking to recover disability insurance benefits. For convenience, we shall refer to the parties herein by name or as they were designated in the court below.

The facts as gathered from the complaint, the motion to dismiss, the oral arguments and the parties' briefs, indicate the following facts: The plaintiff, William H. Fisher, Sr., owned a Chevrolet dealership in Humboldt, Tennessee for many years. As a result of this ownership, plaintiff carried group life insurance through the National Automobile Dealers Insurance Trust. On February 1, 1967, the defendant, Mutual of Omaha Insurance Company, issued a certificate of insurance to plaintiff's group life insurance policy whereby plaintiff was afforded additional benefits, including permanent loss of time benefits equalling his life insurance coverage of $40,000.00. Upon receiving the new certificate of insurance, plaintiff placed it in a personal lockbox and forgot about it.

On June 23, 1969, plaintiff was accidentally injured, thereafter becoming totally and permanently disabled. At the time of this injury, plaintiff had no knowledge of or he had forgotten about his entitlement to benefits under the certificate of insurance issued on February 1, 1967.

Subsequently, in February of 1972, plaintiff and his son discovered the certificate of insurance issued on February 1, 1967 while making an inventory of his then existing insurance coverage. Whereupon, plaintiff filed a claim with the defendant, said claim being denied for failure to furnish timely notice and proof of loss. As a result of the denial, this action was commenced on February 28, 1972.

On November 7, 1972, defendant filed a motion to dismiss, basing said motion on the following:

"1. No written notice of claim was given Defendant within twenty days after the alleged occurrence or commencement of any loss covered by the policy as required and specified in Provision II, Part H, General Provisions of the policy.

"2. Written proof of loss was not furnished to Defendant at its office within ninety days after the date of loss as required and specified in Provision 13, Part H, General Provisions of the policy.

"3. No action at law or in equity was brought to recover on the policy within the period of three years after the time written proof of loss was required to be furnished as specified in Provision 17, Part H, General Provisions of the policy. Plaintiff's complaint alleges that he accidentally fell down a flight of steps, injuring his back on June 23, 1969, but his summons and complaint were not filed in this civil action until September 28, 1972—three years and ninety-eight days later."

Defendant's motion was subsequently granted and as a result the plaintiff perfected this appeal pursuant to T.C.A. § 16–408.

In order to resolve this case, we must first examine the certificate of insurance issued on February 1, 1967. The pertinent parts are as follows:

"PART A. DEFINITIONS

'Injuries' means accidental bodily injuries which are received while the Insured is insured under the policy and which result in covered loss independently or sickness and all other causes.

'Total Loss of Time' means that period during which the Insured is unable to engage in any gainful work or service for which he is reasonably qualified by education, training or experience.

"PART B. BENEFITS FOR LOSS OF LIFE, LIMB OR SIGHT

\* \* \* \* \* \*

"PART C. PERMANENT TOTAL LOSS OF TIME BENEFITS

If injuries received by the Insured result in total loss of time which begins within one hundred days from the date of the accident and continues uninterruptedly for a period of twelve consecutive months and if the insured is regularly attended during such period by a legally qualified physician, other than himself, the Company will pay the Principal Sum less any amounts paid or payable under Part B of this certificate as a result of the same accident, provided that it can then be shown that such total loss of time will be permanent.

"PART D. AIR TRAVEL COVERAGE

\* \* \* \* \* \*

"PART E. EXPOSURE AND DISAPPEARANCE DUE TO AIR TRAVEL ACCIDENTS

\* \* \* \* \* \*

"PART F. AGGREGATE LIMIT OF INDEMNITY FOR ANY ONE AIR TRAVEL ACCIDENT

\* \* \* \* \* \*

"PART G. EXCEPTIONS

\* \* \* \* \* \*

"PART H. GENERAL PROVISIONS

\* \* \* \* \* \*

5. Notice of Claim: Written notice of claim must be given to the Company *within twenty days* after the occurrence of commencement of any loss covered by the policy, or *as soon thereafter as reasonably possible.* Notice given by or on behalf of the Insured or the beneficiary to the Company at Omaha, Nebraska, or to any authorized agent of the Company, with information sufficient to identify the Insured, shall be deemed notice to the Company.

\* \* \* \* \* \*

7. Proofs of Loss: *Written proof of loss must be furnished to the Company at its said office within ninety days after the date of such loss.* Failure to furnish such proof within the time required shall not invalidate nor reduce any claim if it was not reasonably possible to give proof within such time, provided such proof is furnished as soon as reasonably possible *and in no event,* except in the absence of legal capcity, *later than one year from the time proof is otherwise required.* (Emphasis added)

It is evident from even a casual perusal of the certificate of insurance that it is a clear and unambiguous rider providing in part for disability benefits.

In cases similar to the instant case, Tennessee courts have held that notice and proofs of loss are conditions precedent to any recovery. *See, e. g.,* Phoenix Cotton Oil Co. v. Royal Indemnity Co., 140 Tenn. 438, 205 S.W. 128 (1918); Brown v. Travelers Ins. Co., 1 Tenn.App. 413 (1925). And where the facts and inferences are undisputed that notice was not given within the time required by the policy or law, then the reasonableness of the delay becomes a question of law for the court. Cf. Wildman Mfg. Co. v. Davenport Hosiery Mills, 147 Tenn. 551, 249 S.W. 984 (1922). *See generally,* Caldwell v. Va Fire & Marine Ins. Co., 124 Tenn. 593, 139 S.W. 698 (1911); Brown v. Travelers Ins. Co., supra; National Paper Box Co. v. Aetna Life Ins. Co., 170 Mo.App. 361, 156 S.W. 740 (1913). It has also been held that a delay of ten months in giving notice of an alleged accident and injury is unreasonable per se. Brown v. Travelers Ins. Co., supra, Hefner v. Fidelity & Casualty Co., 160 S.W. 330 (Tex.Civ.App.1913).

In the instant case, however, the sole issue for our determination is, whether the insured's ignorance of the policy coverage and the provisions therein of a policy the insured is aware of is a justifiable excuse

for failure to comply with the policy limits as to notice and proof of loss.

In response to the foregoing issue, plaintiff cites Spradlin v. Columbia Ins. Co. of N. Y., 34 Tenn.App. 17, 232 S.W.2d 605 (1950), wherein the court held that the failure to give notice of proof of loss because of lack of knowledge of the insured, in the absence of negligence, excused the delay. However, *Spradlin* is distinguishable from the instant case. In *Spradlin*, the complainant had no knowledge of the policy itself and the delay was excused under that set of facts alone. That conclusion is reflected by the statement in *Spradlin* that:

"Notice would not be required by an insured until he had knowledge of the *existence* of the policy."

In the case at hand, however, Fisher knew the certificate of insurance existed because he placed it in the lockbox. The only conceivable reason for Fisher's delay in giving notice and proof of loss was negligence on his part, therefore, *Spradlin* is completely inapplicable.

 The foregoing being true, the narrow issue involved in this case is one of first impression for Tennessee. This issue has been raised in other jurisdictions, however, and it has been held that the insured's lack of knowledge as to the existence in his policy of a notice or proof of loss requirement, arising out of his failure to read the policy, or, having read it, his failure to remember its conditions, does not excuse his delay in giving notice or proof of loss within the period specified by the policy. *See generally,* Bozich v. Metropolitan Life Ins. Co., 155 Kan. 573, 127 P.2d 499 (1942); Bennett v. New York Life Ins. Co., 63 Idaho 427, 121 P.2d 551 (1942); Connecticut General Life Ins. Co. v. Babin, 125 S.W.2d 411 (Tex.Civ.App. 1939); Malloy v. Head, 90 N.H. 58, 4 A.2d 875 (1939); Milam v. Equitable Life Assur. Soc., 117 W.Va. 77, 183 S.E. 865 (1936); Lewis v. Connecticut General Life Ins. Co., 94 S.W.2d 499 (Tex.Civ.App. 1936). *See also,* 17 A.L.R.3d 530 (1968).

We also adopt this rule of law, it being in line with our previous decisions relating to notice and proof of loss.

Having adopted the foregoing rule of law, we hold that the trial court below was not in error. It necessarily follows, therefore, that we must sustain the lower court's order granting defendant's motion to dismiss. This we do.

DYER, C. J., and CHATTIN, McCANLESS and FONES, JJ., concur.