HARTFORD ACCIDENT AND INDEM-
NITY COMPANY, Petitioner,

v.

Johnny CREASY, Respondent.

Supreme Court of Tennessee.

Dec. 1, 1975.

Joe M. Duncan, Burch, Porter & Johnson, Memphis, for petitioner.

Walter Buford, Buford & Deal, Memphis, for respondent.

Joseph A. Heffington, Watson, Lewis & Knolton, Memphis, amicus curiae.

## OPINION

HENRY, Justice.

This appeal stems from an uninsured motorist provision of an automobile liability insurance policy, and presents the single question of the necessity for strict compliance with a closed-end time limitation governing notice to the insurer.

The trial judge sustained Hartford's motion for a summary judgment, in effect holding that there must be strict compliance. The Court of Appeals (W.S.) held that respondent was a third party donee beneficiary and that his lack of knowledge of the existence of the insurance coverage excused delay in compliance with the notice provisions of the policy so long as those requirements are met within a reasonable time after the discovery of the contract.

We granted certiorari in order to clarify and up-date the law.

### I.

The respondent was injured on 8 July 1971 when the truck that he was driving was struck by a hit-and-run driver. The police authorities were immediately noti-

fied. Neither respondent nor his employer, the named insured, gave any notice to the Company. The record shows that respondent had no knowledge of the existence of the policy and, for that matter, had never even heard of uninsured motorist coverage. He employed an experienced attorney at the Memphis Bar on 15 July 1971, seven days after the accident, to assist him in the pursuit of his Workmen's Compensation claim. Petitioner, in brief and oral argument, insists that its first notice of the loss was when suit was filed on 26 June 1972, eleven months and eighteen days after the accident, and eleven months and eleven days after the employment of counsel. Technically, the record does not support this insistence; however the respondent, in oral argument, concedes that he did not discover the existence of uninsured motorist coverage until "shortly before the statute ran", and he then filed suit. This opinion, therefore, proceeds upon the assumption that no notice was ever given except to the extent of the institution of the lawsuit.

## II.

The pertinent provision of the policy reads as follows:

". . . 'hit-and-run vehicle' means a highway vehicle which causes bodily injury to an insured arising out of a physical contact of such vehicle with the insured or with a vehicle which the insured is occupying at the time of the accident, provided:

(a) * * *

(b) the insured or someone on his behalf shall have reported the accident within 24 hours to a police, peace or judicial officer or to the Commissioner of Motor Vehicles, and shall have filed with the company within 30 days thereafter a statement under oath that the insured or his legal representative has a cause or causes of action arising out of such accident for damages against a person or per-

sons whose identity is unascertainable, and setting forth the facts in support thereof."

At the very outset we make it clear that we are dealing with the notice requirement in the context of an "additional insured", or "permissive user", or any other covered individual except the named insured, or a member of his household or such other individuals whose relationship to or connection with the named insured is such as to require that his knowledge be imputable to them. The rigidity of the notice requirement necessarily peaks in cases involving the named insured and diminishes as the relationship or connection with him widens.

■ It should also be noted that it is only the *delay* in giving notice that, in appropriate cases, may be excused or tolerated and not the *notice* itself. Notice is a vital and indispensable condition precedent to recovery under the policy. We are cited to no case wherein failure to give notice has been excused—only the *delay*.

Moreover, we recognize that the notice requirement of an insurance policy providing uninsured motorist coverage based on hit-and-run incidents, while founded in contract, also are deeply rooted in public policy considerations. Not only is the insuror entitled to notice in order that it may make prompt investigation and prepare for the defense of the claim, it is entitled to protect its interests in an area susceptible to the presentation of spurious claims. Also, it is in the public interest that litigation be minimized and, to this end, it is essential that the insurance company be in a position to settle claims on a knowledgeable basis.

Perhaps the leading case in Tennessee on the general subject of the necessity of notice and the effect of delay is *Phoenix Cotton Oil Co. v. Royal Indemnity Co.*, 140 Tenn. 438, 205 S.W. 128 (1918). Cited consistently during the ensuing years this case stands as authority for the general propositions that (1) notice is a condition precedent to recovery under the policy and (2) there need not be any showing of prejudice. The

opinion quotes with approval from a Massachusetts case holding that "notice is one of the essentials of the cause of action." 140 Tenn. at 444, 205 S.W. at 130. We reaffirm *Phoenix* as a correct statement of the general rules relating to notice. However, it should be noted that in *Phoenix*, the Court was dealing with a named insured.

The respondent relies heavily upon *Spradlin v. Columbia Ins. Co. of New York*, 34 Tenn.App. 17, 232 S.W.2d 605 (1950). There, without the knowledge of the purchaser of a financed automobile, the seller procured a policy of collision insurance. When the note was fully paid, the bank returned it, along with the insurance policy, to the automobile dealer. Thereafter, Spradlin, the named insured, was involved in a collision. Since he did not know of the coverage he made no claim. About five months later he received an expiration notice. This was his first knowledge of the existence of the policy. The Court quoted from 29 Am.Jur.Insurance, Sec. 1109, pp. 832–833 (Sec. 1471, Am.Jur.2d) as follows:

As a general rule, where the beneficiary of a life or accident insurance policy is ignorant of the existence of the policy, delay in giving notice and furnishing proofs of loss is excused, and in such case, there is a sufficient compliance with the provisions if notice and proofs of loss are made within a reasonable time after the discovery of the existence of the policy. This result has been reached where the policy provided for "immediate" notice and proofs within a certain period of time after the accident or death, as well as where the policies excused strict compliance with the requirements as to notice if compliance was not shown to have been reasonably possible. However, the lack of knowledge of the policy must be without negligence or fault of the party seeking to be excused. 232 S.W.2d at 608

Additionally the Court said:

Our courts recognize that delay in giving notice and filing proofs of loss within the prescribed time may be excused under certain circumstances . . . We hold the lack of knowledge of the insured (whom we absolve of negligence), excuses the delay. 232 S.W.2d at 609

With these generalized conclusions we have no fault and we recognize the correctness of the results reached in *Spradlin*. We do not, however, consider *Spradlin* as sufficient authority to support respondent's position in this case. To the contrary, the quoted language from American Jurisprudence to the effect that the lack of knowledge of the policy must be without neglect or fault of the insured, would dictate a contrary conclusion.

The petitioner places strong reliance upon *Barfield v. Insurance Company of North America*, 59 Tenn.App. 631, 443 S.W.2d 482 (1969). There the Court held that the policy provision requiring 24-hour notice of accident to the police authorities, was a condition precedent to recovery and failure to give such notice by an insured who was physically able to give the notice defeated recovery. Implicit in the Court's holding was a recognition that ability to give notice was the key. Inability to give notice might result from mental or physical cause or it might stem from lack of knowledge of the existence of the policy, or from other significant reasons. We do not regard *Barfield* as being fully supportive of petitioner's position. Had the insured offered some reasonable explanation, the results, admittedly harsh, no doubt would have been different.

We are impressed with the fact that in the instant case respondent employed capable counsel seven days after the accident and that counsel ultimately discovered the fact of the uninsured motorist coverage and the identity of the insurance carrier. The burden of offering an explanation or excuse for failure to give notice must rest heavily upon the insured since he seeks relief from the plain terms of a contract of insurance coverage. We are persuaded that the existence of coverage could have been determined by the exercise of reasonable diligence. Having made such discovery a mere letter to the insurance company within the

30-day period, or a reasonable time thereafter, upon a proper showing of reasons for the delay, would have been substantial compliance. *Hamhill v. Nationwide Mutual Insurance Company*, 499 S.W.2d 892 (Tenn. App.1972).

■ We hold that an additional insured, operating a vehicle with the permission of the named insured, or under any other circumstances wherein coverage is afforded, must, as a condition precedent to recovery, give the notice or notices required by the policy, and that failure to do so will defeat recovery if he has knowledge of the policy. If he does not have such knowledge, his failure to give notice will be excused, if that failure was not the result of fault or neglect upon his part. The notice limitation provided in the policy will run from the date upon which he actually obtained such knowledge or should have obtained it by the exercise of reasonable care and diligence.

■ Applying this rule to this case, we hold that respondent's failure to give notice to the company, coupled with his failure to show the exercise of reasonable care and diligence in attempting discovery defeats recovery under the policy. It, therefore, results that suit against the petitioner was barred for failure to comply with a condition precedent within a reasonable time.

When *Spradlin* and *Barfield* are read in proper perspective they are not inconsistent and each supports the conclusion we reach.

The judgment of the Trial Court is affirmed and that of the Court of Appeals is reversed.

FONES, C. J., COOPER and HARBISON, JJ., concur.