NORTH RIVER INSURANCE COMPA-
NY, a Crum and Forster Company,
Plaintiff–Appellee,

v.

H. Clay Evans JOHNSON, Jr.,
Defendant–Appellant,

and

Dianne Baker, as next friend and mother
of Darrell Jerome Williams and Sharon
Rita Cusseaux, individually and a. next
friend of Jasmine Shevon Hartwell
Williams, Defendants.

Court of Appeals of Tennessee,
Eastern Section.

May 16, 1988.

Permission to Appeal Denied by
Supreme Court Sept. 6, 1988.

Jerry H. Summers and Thomas J.
Wright, Summers, McCrea & Wyatt, P.C.,
Chattanooga, for defendant-appellant.

John D. Barry, Milligan, Hooper, Harris
& Barry, Chattanooga, for plaintiff-appel-
lee.

## OPINION

FRANKS, Judge.

The determinative issue on appeal in this
declaratory judgment action is whether the
insured gave notice to the insurer "as soon
as practicable", as required by the insur-
ance policy.

The evidence establishes the insured had
been an alcohol and substance abuser since
age 12. He had recently been released
from a voluntary stay at a local psychiatric
facility and, on June 11, 1985, at his home
he was confronted with his supplier, appar-
ently seeking payment for drugs. The evi-
dence as to how the supplier, Jerome
Williams, gained entry into the insured's
home is in dispute; however, in the course
of a confrontation, a rifle held by the in-
sured discharged and the bullet ricocheted
off a gold chain around Williams' neck and
lodged in his chest, causing his death. Po-

lice were notified immediately and Johnson was taken into custody. Upon release on bail he entered a drug treatment program in Naples, Florida. In two months he was transferred to a drug treatment program in Pennsylvania and remained in these programs for approximately 5 to 7 months following the occurrence and, upon his release from the program, he remained in Naples.

A civil action was filed against the insured by the surviving children of the deceased on March 11, 1986, and soon thereafter the insurance company was notified of the claim.

The chancellor held:

The Court finds that there would be coverage under the terms of this policy which excludes intended results as opposed to intended acts. But the plaintiff is determined to be resolved from liability in this case because of defendant's, Mr. Johnson's, failure to provide timely notice of the accident.

█ In this jurisdiction contractual provisions requiring notice in insurance policies must be obeyed by the insured as a condition precedent to coverage. *Phoenix Cotton Oil Co. v. Royal Indemnity Co.*, 140 Tenn. 438, 205 S.W. 128 (1918); *Tennessee Farmers Mut. Ins. Co. v. Nee*, 643 S.W.2d 673 (Tenn.App.1982). However, delay in giving notice will not in all cases void the policy, *Spradlin v. Columbia Ins. Co. of New York*, 34 Tenn.App. 17, 232 S.W.2d 605 (Tenn.App.1950); *Anderson v. Travelers Protective Assn.*, 14 Tenn.App. 36 (1931), and whether the facts establish a reasonable basis for late notice is determined by all the surrounding circumstances. *Munal Clinic v. Applegate*, 38 Tenn. App. 280, 273 S.W.2d 712 (1954).[1]

█ The chancellor essentially held the insured's enrollment in the treatment program for his drug addiction out of state and the pending criminal charges did not constitute a basis to excuse failure to give notice. The record does not disclose to what degree, if any, the drug addiction affected insured's competence nor are we advised of insured's activities from the time he was discharged from the drug treatment facilities until the civil action was filed. Clearly, the "accident" was one where an insured "might reasonably" expect the event would produce a claim. The evidence does not preponderate against the chancellor's findings. T.R.A.P., Rule 13(d).

█ The insured argues, however, that coverage should be afforded because the insurer was "not prejudiced by the delay in providing notice". As recently as 1975, but relying on *Phoenix Cotton Oil Co.*, decided in 1918, the Supreme Court, in *Hartford Acc. & Indem. Co. v. Creasy*, 530 S.W.2d 778 (Tenn.1975), reaffirmed the principle that "notice is a condition precedent to recovery under the policy and there need not be any showing of prejudice". *Id.*, at 779. Departing from the traditional view that prejudice to the insurer is immaterial, a substantial number of jurisdictions have held an insurer, in order to forfeit the insured's right to coverage on failure to comply with the notice requirement, must demonstrate it was prejudiced by the insured's omission or delay. Annot., 32 A.L. R.4th 141, *Liability Insurer—Failure to Notify*.

This is an appealing approach since insurance policies, unlike other contracts, are not purely private agreements but affect the public generally. The argument is persuasive and its application would be fair and manifestly equitable since the notice requirement is for the benefit of the insurer and, until it is established that non-compliance has resulted in detriment to the insurer, the courts should not predicate a forfeiture on technical non-compliance. Moreover, innocent third party beneficiaries are often adversely affected by forfeiture of coverages where premiums have been paid for such purpose. Interestingly,

---

1. As to the specific policy provision in question, the Supreme Court in *Lee v. Lee*, 732 S.W.2d 275, 276 (Tenn.1987), said the provision imposes "[a] duty on an insured to give notice when he becomes, or should become aware of, facts which would suggest to a reasonably prudent person that the event for which coverage is sought might reasonably be expected to produce a claim against the insurer."

*Creasy,* in reaffirming *Phoenix Cotton Oil Co.,* noted the opinion quoted with approval a Massachusetts case holding "notice is one of the essentials of the cause of action". 140 Tenn. 444, 205 S.W.2d at 130. In 1980, however, Massachusetts in *Johnson Controls, Inc. v. Bowes,* 381 Mass. 278, 409 N.E.2d 185 (1980), conceding that its prior decisions were too restrictive, prospectively held an insurer would be required to prove the notice provision had been breached and the breach resulted in prejudice to the insurer in order to avoid its obligations on the policy. These arguments are based on public policy considerations, which are to be declared by the Supreme Court and the legislative branch. Accordingly, we are constrained to affirm the judgment of the trial court.

It is unnecessary to address the remaining issues. The cause will be remanded with costs assessed to appellant.

SANDERS, P.J. (E.S.), and ANDERSON, J., concur.