IN THE COURT OF APPEALS OF TENNESSEE
EASTERN SECTION

FILED

April 3, 1996

Cecil Crowson, Jr.
Appellate Court Clerk

ALLSTATE INSURANCE COMPANY,    ) C/A NO. 03A01-9512-C-00426
                               )
         Plaintiff-Appellant,  ) CLAIBORNE LAW
                               )
v.                             ) HON. CONRAD TROUTMAN,
                               ) JUDGE
MARY LOUISE DAVIS, JOHN        )
RASNIC, CAROLYN RASNIC, and    )
TENNESSEE FARMERS MUTUAL       )
INSURANCE COMPANIES,           ) REVERSED
                               ) AND
         Defendants-Appellees. ) REMANDED


PAUL E. DUNN, DUNN MACDONALD & COLEMAN, P.C., Knoxville, for Plaintiff-Appellant.

JAMES D. ESTEP, III, ESTEP & ESTEP, Tazewell, for Defendant-Appellee, Tennessee Farmers Mutual Insurance Companies.


**O P I N I O N**


Franks. J.


In this declaratory judgment action, plaintiff, insurance company, sought a declaration that its insured, John H. Rasnic, was not an insured under its policy for the accident occurring between the Rasnic and Davis motor vehicles. Specifically, the complaint alleged that Rasnic had violated the policy provision:

> "We must be notified promptly of how, when and where the accident or loss happened. Notice should

also include the names and addresses of any injured persons and of any witness.? Allstate would assert that while the accident occurred on December 1, 1993, they did not receive notice until June 24, 1994.

The issue was tried before a jury, and at the conclusion of all the proof, the Court ?directed a verdict in favor of the defendants? and ?found that the controlling issue was a state of mind of the insured, John Rasnic. With regard to such issue, the Court found that Mr. Rasnic reasonably believed that the collision in question was a trivial matter and that, based upon such belief, Mr. Rasnic was justified in not immediately reporting the accident to Allstate. The Court further found that, due to his state of mind, Mr. Rasnic's delay in reporting the accident to Allstate until after he had been sued, complied with the prompt notice provisions of Allstate's insurance policy.?

On appeal, Allstate does not question the Trial Court's taking the issue away from the jury, but insists that as a matter of law it is entitled to a judgment in its favor.

It is clear from the Trial Court's analysis that it erroneously applied a subjective test rather an objective test, which is whether a reasonable and prudent person would believe that the accident might give rise to a claim for damages. *Nationwide Mutual Insurance Company v. Shannon*, 701 S.W.2d 615 (Tenn. App. 1985).

Rasnic testified that he ?bumped? the rear of the Davis car and that the occupants answered ?no? when asked if they were hurt. He testified that he advised if the vehicle was damaged to let him know. Mrs. Davis insisted that they should ?call the law?. A policeman came after the vehicles had

2

been moved, and refused to prepare a written accident report. ?Two to six weeks later? the owner of the other vehicle told Rasnic at a convenience store that ?they totaled the car? which Rasnic understood to mean the insurance company. Rasnic made no report of the accident until June 23, 1994, after he received suit papers from the Davises. The most telling admission by Mr. Rasnic came on cross-examination after he had testified that he had made pictures of the front end of his vehicle, some two weeks after the accident:

> Q. Mr. Rasnic, if you didn't consider this accident worth reporting what would be your occasion for taking photographs of the front of your vehicle two weeks after this accident to show there was no damage to it? I didn't understand.

> A. It could've been four weeks, but I said I bought a new camera, Polaroid Instamatic, and that's the first pictures I've taken with it. And I've got some other vehicles I took pictures of I can show you.

> . . .

> Q. Isn't it a fact, sir, that you just made the decision to try to handle this yourself and go outside your insurance company and handle it?

> A. I thought the damage was minor enough. Yes, sir.

The material facts are not in dispute and the issue is a question of law. Rasnic had a duty to give notice to his insurance company of the accident, certainly no later than the time the owner of the other vehicle advised him that the vehicle had been ?totaled?. Our law is clear that the contractual requirement of notice to the insurer is a condition precedent to recovery under the policy. *Lee v. Lee*, 732 S.W.2d 275 (TN 1987); *Phoenix Cotton Oil Company v. Royal Indemnity Company*, 140 Tenn. 438, 205 S.W 128 (1918).

3

This is essentially a dispute between two insurance companies, and we note that an insurance company would sometimes benefit if this inequitable rule was changed, i.e., declare forfeitures of policy coverages only in cases where the late reporting of the accident resulted in actual prejudice to the insurance company. As we observed in *North River Insurance Company v. Johnson*, 757 S.W.2d 334 (Tenn. App. 1988), insurance policies, unlike other contracts, are not purely private agreements but affect the public generally.

Our rule represents the minority view. *See Hospital Underwriting Group, Inc., v. Summit Health Ltd.*, 63 F.3d 486 (6th Cir. 1995). Consumers and insurance companies alike would benefit if the Supreme Court would overturn the minority rule in favor of the equitable majority view.

We are constrained to reverse the judgment of the Trial Court and the cause is remanded for entry of a judgment for appellant, in accordance with this opinion.

The cost of the appeal is assessed to appellees.


_____
Herschel P. Franks, J.


CONCUR:



_____
Houston M Goddard, P.J.

4

_____
Clifford E. Sanders, Sp. J.