THOMPSON *v.* BAXTER.

(*Nashville.*  March 2, 1893.)

MECHANICS' LIEN.  *Architect not entitled to.*

An architect has not, under our statutes, a mechanics' lien upon a lot and the buildings erected thereon for the value of services rendered by him under contract with the owner in drawing plans, making estimates, and soliciting bids for the buildings and superintending their erection.

Code construed: §§ 2739, 2740 (M. & V.); §§ 1981, 1981*a* (T. & S.).

Cases cited: Burr *v.* Graves, 4 Lea, 557; Kay *v.* Smith, 10 Heis. 43; Luter *v.* Cobb, 1 Cold, 528; Alley *v.* Lanier, 1 Cold., 540; McLeod *v.* Cahill, 7 Bax., 199; Dunn *v.* McKee, 5 Sneed, 658.

---

FROM DAVIDSON.

---

Appeal from Chancery Court of Davidson County. ANDREW ALLISON.  Ch.

BARTHELL & KEEBLE for Thompson.

J. H. ACKLEN for Baxter.

H. PARKS for Insurance Company.

A. D. BRIGHT, Sp. J.  The defendant, Baxter, the then owner of the lots described in the pleadings, employed plaintiff, Thompson, as supervising architect, to draw plans, specifications, solicit bids for,

and supervise the construction of the building and erection of the house on same known as "Baxter Court" and "Baxter Court Hotel." The complainant alleges he is an architect, residing in Nashville. He now, by his bill, alleges that he is entitled to a mechanics' lien on said house and lot for his services, or compensation for services, rendered as such supervising architect, under §§ 2739 and 2740 of M. & V. compilation of the laws of Tennessee.

Section 2739 provides: "There shall be a lien upon any lot of ground or tract of land upon which a house has been constructed, built, or repaired, or fixtures or machinery furnished or erected, or improvements made by special contract with the owner or his agent, in favor of the mechanic or undertaker, founder or machinist who does the work or any part of the work, or furnishes the materials or any part of the materials, or puts thereon any fixtures, machinery, or material, either of wood or metal."

Section 2740 provides: "The benefits of § 2739 shall apply to all persons doing any portion of the work, or furnishing any portion of the material for the building, contemplated in said section."

The mechanics' lien is favored by the Legislature, and should not be hazarded by niceties in its enforcement. 4 Lea, 557.

However, the law is strict in its requirements that the claimant shall make it to clearly appear that he has a lien; but when that appears, the

remedial laws for its enforcement are to be liber-
ally construed. 10 Heis., 43; 1 Cold., 528–541; 7
Bax., 199; 5 Sneed, 658.

This lien is purely statutory, and unknown to
the common law. Only those enumerated and em-
braced in the statute are entitled to the lien. A
liberal construction of the mechanics' lien law does
not mean that they shall be liberally construed in
embracing or including others than those enumer-
ated in the statutes. It must clearly appear that
the claimant has a lien. No one is entitled to
the lien unless the statute includes him or them.
They are not to be included by strained construc-
tion. Unless the statute gives the lien, the party
has none.

Now, does the statute embrace, include, or give
this lien to a supervising architect? Is he a me-
chanic, undertaker, founder, machinist, or contractor?
Has he done any work in building the house?
Has he furnished the material, or any part thereof,
or has he put in any fixtures, machinery, or mate-
rial, either of wood or metal? We think not.
A supervising architect is not a mechanic, nor is
he a contractor in the sense of the statute. He
simply draws plans, makes estimates, solicits bids,
and supervises the erection of the building. The
statute clearly does not embrace or include super-
vising architects. It makes no provisions for him.
it does not give him this lien, and hence the
Courts cannot.

We have been referred to a number of cases

from other States, some holding, under their statutes, that a supervising architect has this lien, others holding the contrary. The weight of authority and the reasoning seems to be that a supervising architect has not this lien. But, be this as it may, we hold that under our statutes he has no lien upon the house or 'lot as supervising architect. The Chancellor decreed differently. In doing so we think he was in error, and .the decree declaring and decreeing the lien is reversed and the attachment discharged.

Complainant insists that in the event that the Court should hold that he was not entitled to his lien, that he is entitled to have the deed set aside from Baxter .and wife to Baxter Court corporation for fraud, etc., and property sold to satisfy his decree, he having sought, by his bill, an attachment on this ground as well as to enforce mechanic's lien, etc. There was no decree by the Chancellor on this feature of the attachment, nor is there any appeal by complainant for his failure to do so, nor is there any proof in the record of this fraud, etc. The whole case on the attachment seems, by the Chancellor and all parties, to have proceeded upon the theory alone as to whether complainant had a lien as supervising architect.

The decree of the Chancellor, as modified herein, will be affirmed.

The complainant will pay the costs of the appeal.

Thompson *v.* Baxter.

DISSENTING OPINION.

LURTON, C. J. I am constrained to dissent. While § 2739 enumerates the persons entitled to the lien, yet § 2740 extends the lien to "*all persons doing any part of the work.*" There is no limitation by enumeration. If the complainant did "any part of the work," he is within the extension of the Act. Neither is there any limitation to those doing actual manual work, as the laying of brick, the joining of wood, the cutting of stone. The "boss," or "foreman," under a contractor, or subcontractor, whose business it was to oversee and direct the labor of others, would be secured as a person "employed by such contractor," etc., and entitled to the benefit of the lien just as much as a carpenter, brick-layer, or hod-carrier, though he did not personally do any of these things. The architect employed to draw plans, and *supervise the erection of the building,* is a person doing "a part of the work," just as clearly as the laborer whom he supervises. The proof shows that Thompson personally, by day and by night, supervised this work, and I think him within the statute.