ANDREWS DISTRIBUTING
COMPANY, Appellant,

v.

OAK SQUARE AT GATLINBURG, INC.,
Burleson Construction Company, Inc.,
and Fidelity and Deposit Company of
Maryland, Appellees.

Supreme Court of Tennessee,
at Knoxville.

July 18, 1988.

Opinion on Plaintiff's Petition to
Rehear Aug. 29, 1988.

Order on Defendant's Petition to
Rehear Oct. 3, 1988.

Stephen W. Gibson, Ambrose, Wilson & Grimm, Mark A. Rosser, Knoxville, for appellant.

Gary C. Shockley, Baker, Worthington, Crossley, Stansberry & Woolf, Johnson City, for appellees.

## OPINION

FONES, Justice.

This is an action by a materialman for enforcement of a materialman's lien, or in the alternative for recovery under the general contractor's labor and material payment bond. The trial court dismissed the action for failure to give timely written notice of lien and for failure to give timely notice under the terms of the bond. The Court of Appeals affirmed, and this Court granted plaintiff's application for permission to appeal.

In October, 1984, plaintiff, Andrews Distributing Company, received a purchase order for HVAC [heating and air conditioning] units from Mike White d/b/a Kalthoff Heating and Cooling. This purchase order specified that the HVAC units were to be used in the Oak Square Condominium project in Gatlinburg, Tennessee, of which Kalthoff was the heating and air conditioning subcontractor. In addition, the purchase order directed that the HVAC units be delivered to Kalthoff's warehouse, and not to the job site. On 21 December 1984, the units were delivered to Kalthoff's Knoxville warehouse as directed. On 1 March 1985, the HVAC units were delivered by Kalthoff to the Oak Square job site.

Plaintiff billed Kalthoff on 27 December 1984, and on 3 January 1985, for the HVAC units but plaintiff did not receive payment for the units from Kalthoff. Therefore, on 2 April 1985, plaintiff filed a notice of materialman's lien in the Sevier County Register's Office. On 9 April 1985, Burlison Construction Company, Inc. [Burlison], the general contractor for the Oak Square project, filed a bond to remove plaintiff's lien pursuant to T.C.A. § 66-11-142 with Fidelity and Deposit Company of Maryland [Fidelity] as the surety. The owner of the Oak Square project, Oak Square at Gatlinburg, Inc., joined as a principal on that bond on 15 April 1985. Kalthoff then filed a petition for relief under Chapter 7 of the Bankruptcy Code, 11 U.S.C. §§ 701 *et seq.* On 28 June 1985, plaintiff filed this action for enforcement of its materialman's lien, or in the alternative, for recovery under Burlison's labor and material bond for which Fidelity is also the surety. It is undisputed that Burlison has fully paid Kalthoff for the Oak Square work, including the HVAC units at issue here.

The chancellor held that plaintiff was not entitled to recover under either theory because of its failure to give proper notice and dismissed plaintiff's action. On plaintiff's action to enforce its materialman's lien, the chancellor noted that pursuant to T.C.A. § 66-11-115(b) written notice of lien must be given to the property owner within ninety days of the expiration of the contract. The chancellor noted that plaintiff contracted only to deliver the units to Kalthoff's warehouse and held that once the units were so delivered the contract expired for the purposes of T.C.A. § 66-11-115(b). As the HVAC units were delivered on 21 December 1984, and plaintiff's notice of

lien was filed on 2 April 1985, 102 days later, the chancellor held that proper notice to the owner was not given and a lien was not created. The chancellor also held that plaintiff was not entitled to recover under the labor and material payment bond because of its failure to give notice as required by the terms of the bond within ninety days of last supplying material to the project. The Court of Appeals affirmed and this Court granted plaintiff's application for permission to appeal.

## I.

■ In this case, plaintiff is a materialman who seeks to assert a materialman's lien pursuant to T.C.A. § 66–11–115(a). *See Dealer's Supply Co. v. First Christian Church,* 38 Tenn.App. 568, 276 S.W.2d 769 (1954); T.C.A. § 66–11–101(10). As a materialman, plaintiff may claim a statutory lien for materials which are incorporated in the improvement on the real property. T.C.A. § 66–11–101(5) and § 66–11–115(a). However, to create this lien plaintiff must fully comply with all of the requirements of the statutory lien scheme. *See General Electric Supply Co. v. Arlen Realty & Development Corp.,* 546 S.W.2d 210, 212 (Tenn.1977); *Hamilton National Bank v. Long,* 189 Tenn. 562, 568, 226 S.W.2d 293, 296 (1949); *Thompson v. Baxter,* 92 Tenn. 305, 306–07, 21 S.W. 668, 669 (1893).

The statutory provision relevant to this issue of notice is T.C.A. § 66–11–115(b). That section states:

(b) Within ninety (90) days after the demolition and/or building or improvement is completed, or the contract of such laborer, mechanic, furnisher, or other person shall expire, or he be discharged, he shall notify, in writing, the owner of the property on which the building is being erected or improvement is being made, or his agent or attorney, if he reside out of the county, that said lien is claimed.

As it is undisputed that plaintiff did not give notice after the completion of the building, the issue here is whether plaintiff gave written notice to the property owner within ninety days of the expiration of its contract. Since this Court has previously held that a materialman's contract does not "expire" until the last of the material has been *"furnished,"* the actual issue is whether plaintiff gave notice to the property owner within ninety days of the date the last of the material was *furnished. Bird Bros. v. Southern Sur. Co.,* 139 Tenn. 11, 15, 200 S.W. 978 (1917).

Delivery to the actual job site is clearly the most unequivocal evidence of "furnishing" materials for the purpose of materialmen's liens. *See* Annotation, "Delivery of Material to Building Site as Sustaining Mechanic's Lien—Modern Cases," 32 A.L.R. 4th 1130, 1138 n. 8 (1984). The Tennessee statutes on materialmen's liens place great emphasis on delivery to the job site. Section 66–11–101(5) defines the phrase "furnish materials" in pertinent part to mean "supply materials which are incorporated in the improvement." That section also states that "delivery of materials to the site of the improvement [is] prima facie evidence of incorporation of such materials in the improvement." T.C.A. § 66–11–101(5). A "materialman" is defined by § 66–11–101(10) as "any person who, under contract, furnishes material ... on the site of the improvement or for direct delivery to the site of the improvement." In *New Memphis Gas Light Co. Cases,* 105 Tenn. 268, 60 S.W.2d 206 (1900), this Court said, "... the lien of the materialman begins when his first material is placed on the property on which the lien is asserted." *Id.,* 105 Tenn. at 302.

The Court of Appeals erroneously construed *Dealer's Supply Co. v. First Christian Church, supra,* as standing for the proposition that "on-site delivery is not a prerequisite for the creation of a materialman's lien." The defendants in that case, the property owner, the general contractor and the heating and air conditioning subcontractor, contended that plaintiff materialman had sold the materials to the subcontractor on open account and delivered them to the subcontractor's place of business where they were intermingled with other supplies. However, the proof showed that

the subcontractor delivered a set of plans for the construction of the church to plaintiff and plaintiff actually furnished the sizes, types, models and quantities called for in the plans. The court held that: (1) the fact that the materials were furnished on a take off from the plans for the church building was sufficient to show that the materials were furnished for that particular job; (2) the liability of the subcontractor on the account did not impair the materialman's right to look to the lien of the property for security that arose as a matter of law out of the transaction itself; and (3) "if the proof shows that the materials were actually delivered to the job site", it is of no consequence that the materialman did not make that delivery. The court concluded as follows:

> We think the statute contemplates that delivery of the materials may be made to the contractor or subcontractor at a place other than the site of the improvement, provided the delivery to the contractor or subcontractor is made with the intent that the materials will be later delivered to the job by the contractor or subcontractor and they are later so delivered. Where that operation has actually occurred and the materials actually have been used in the improvement, it hardly seems open to question that delivery was made to the contractor or subcontractor "for delivery to the site of the improvement."

In *Dealer's Supply*, the date of the first or last delivery was not at issue because the materialman relied upon the time of substantial completion of the entire construction project as triggering the ninety day statutory period within which to give notice. Proof of delivery to the job site has always been necessary to establish a materialman's lien. Nothing in the law of mechanic's and materialmen's liens is more certain than the statement that without proof of delivery of materials to the property on which the lien is asserted, a materialman's lien cannot be established. Thus, there is no reason or logic behind the notion advanced by the Court of Appeals that the delivery by the materialman to the subcontractor's place of business triggered the beginning of the ninety day period for giving notice to the owner.

Clearly, in light of the above, it is delivery to the site which is the key to establishing the lien. Without delivery to the job site, the materials cannot be incorporated and the supplier cannot be a materialman. However, once the materials are delivered to the job site, the supplier becomes a "furnisher" and prima facie evidence of incorporation of the materials is established. Delivery to the job site is also important under the materialmen's lien scheme because of the limits imposed by T.C.A. § 66–11–113 on the materialmen's ability to recover the purchase price of those materials by attachment, execution or other legal process. Because of the emphasis placed on delivery in the materialmen's lien chapter, and because delivery to the job site is a necessary prerequisite to perfection of the lien, we hold that materials are not "furnished" and the contract of the materialman does not expire for the purpose of § 66–11–115(b) until the materials are delivered to the job site, regardless of when the transfer of title from the materialman to the contractor or subcontractor occurs.

## II.

Defendants assert that dismissal of the action to enforce the mechanic's lien was proper because of plaintiff's failure to prove written notice to the property owner of the materialman's lien.

Plaintiff introduced no proof at trial that written notice had been given the owner of the property, at any time, that a lien was claimed, as required by T.C.A. § 66–11–115(b). Plaintiff admits that no such evidence was adduced at trial but advances two positions to cure that defect.

■ First, plaintiff asserts that the timely filing of his lien in the register's office prompted the contractor to provide a bond for the removal of the lien, in which the owner joined as additional surety on 15 April 1985. Plaintiff reasons that the owner had actual knowledge that plaintiff had filed a notice of lien in the register's office

by virtue of his signature on the bond because the bond could not have been prepared without information contained in the notice of lien. Assuming, without accepting that to be true, we hold that actual knowledge by a property owner that a materialman has filed a notice of lien in the register's office does not meet the notice requirement of T.C.A. § 66–11–115(b). A strict construction of the materialman's lien statute required by case law admits of no other result. The statute specifies written notice to the owner within ninety days after the event that triggers the running of that period. What the owner may know about who has furnished what materials with the expectation of claiming a lien is totally irrelevant to compliance with the statute.

Second, after trial plaintiff filed a Rule 60 motion alleging that through mistake or excusable neglect, proof of mailing by certified mail and receipt by owner thereof had been misplaced and was not available at the time of trial, but that it had been recently discovered. Copies of those documents were exhibited with the motion. The relief sought in the motion was an amended final decree holding that notice to the owner had been timely given.

Plaintiff's motion for a new trial was overruled on 27 June 1985, and its notice of appeal was filed on 21 July 1985. Plaintiff's Rule 60 motion was filed on 20 August 1985. A hearing was held and the transcription thereof and the pleadings are properly in the record on this appeal.

The trial judge held (1) that plaintiff having filed its notice of appeal prior to the filing of the Rule 60 motion, jurisdiction had vested in the appellate courts, and (2) that plaintiff's motion was, in effect, a motion to be allowed to introduce newly discovered evidence for which Rule 60 was not the appropriate procedure.

■ As the trial judge noted, neither the rule nor the case law has addressed the timeliness issue as affected by appeal. The time restraints applicable to Rule 60 motions to be applied in the trial courts, are those expressed in T.R.C.P. 60.02, without regard to the status of an appeal. If the

Rule 60 proceedings are concluded in the trial court while the appeal is still pending, it may be brought to the appellate courts by a T.R.A.P. 14 motion for consideration of post-judgment facts. In the appellate courts, the issue of timeliness will be governed by a reasonable time rule, considering the posture of the case at the time the motion and the record of the proceedings in the trial court are presented.

Thus, the trial court was in error in holding that it did not have jurisdiction to consider plaintiff's Rule 60 motion.

■ We also disagree with the trial judge's ruling that plaintiff was seeking to introduce newly discovered evidence. The motion was supported by affidavits of plaintiff's lawyer and his secretary. The lawyer said that he instructed his secretary to mail copies of the notice of lien that had been prepared to be filed in the register's office, to the property owner, the trustee and mortgagee, by certified mail; that he never saw the return receipts but that a diligent search of the office files was made before trial for "written evidence of the mailings"; and "that no such evidence was discovered until inadvertent discovery of the receipts for certified mail after denial of the motion for new trial." The secretary's affidavit stated that she mailed a copy of the notice of lien to the owner, the trustee and the mortgagee, on 1 April 1985; that she did not recall ever receiving or seeing the return receipts; and that she made a diligent search before trial and found no written evidence of the mailings of copies of the notices of lien to the owner, etc.

■ Under these facts, the evidence plaintiff sought to admit was documentary evidence that a copy of the notice of lien prepared for filing in the register's office of the county had been sent by certified mail and a returned receipt signed by the owner had been received but had been lost or misplaced at the time of trial. Both affiants knew that the evidence existed before trial, it was simply lost or misplaced. Finding this misplaced evidence did not transform it into newly discovered evi-

dence. The issue presented by plaintiff's motion was whether the failure to produce evidence that was known to exist at the time of trial but had been lost or misplaced qualified as excusable neglect under Rule 60.

■ However, the plaintiff's Rule 60 motion is lacking in merit for another reason. At trial, plaintiff presented no evidence to show that any person on behalf of the materialman had mailed anything to the property owner on 1 April 1985, or on any other date. The record is totally devoid of proof on an express statutory requirement for the perfection of a materialman's lien. No reason was given why the lawyer and his secretary did not testify at trial to the facts set out in their affidavits filed in support of the Rule 60 motion. The statute does not require that the notice be sent by certified mail or by registered mail and the mailing of such a notice and the receipt thereof is susceptible of proof in a number of ways other than by producing documents that indicate mailing and receipt of certified mail. Rule 60 was not promulgated to give relief to parties failing to exercise due diligence in the presentation of available evidence at trial but who seek to cure that omission by showing that there was some proof that was misplaced at the time of trial.

Plaintiff's Rule 60 motion was correctly denied by the trial judge for the reasons stated herein and it follows that plaintiff failed to establish a materialman's lien on the property because of its failure to give the notice to the owner required by T.C.A. § 66–11–115(b).

### III.

■ Next, plaintiff argues that it is entitled to recover under Burlison's labor and material payment bond. Defendants argue that plaintiff is not entitled to recover under the bond because of its failure to comply with the notice requirements contained in the bond which defendants assert are a valid condition precedent to a recovery. The bond states:

3. No suit or action shall be commenced hereunder by any claimant.

a. Unless claimant, other than one having a direct contract with the Principal [Burlison] shall have given written notice to any two of the following: the Principal, the Owner, or the Surety above-named, within (90) days after such claimant did or performed the last of the work or labor or *furnished the last of the materials* for which said claim is made, stating with substantial accuracy the amount claimed and the name of the party to whom the materials were furnished or for whom the work or labor was done as performed. Such notice shall be served by mailing the same by registered mail or certified mail, postage prepaid, in an envelope addressed to the Principal, Owner or Surety, at any place where an office is regularly maintained for the transaction of business, or served in any manner in which legal process may be served in the state in which the aforesaid project is located save that such serve need not be made by public offices.

The notice requirement contained in the payment bond is by the express terms of the bond, a condition precedent to any recovery by a claimant. Such restrictions have been previously found by this Court to be valid restrictions upon recovery by claimants such as plaintiff. *Hartford Accident & Indemn. Co. v. Creasy*, 530 S.W. 2d 778 (Tenn.1975). However, unlike the notice requirement for establishment of materialmen's liens previously discussed, strict compliance with the notice requirements of these contracts is not required. *Id.; see also Hamill v. Nationwide Mutual Ins. Co.*, 499 S.W.2d 892, 896 (Tenn.App. 1972). For example, delay in giving the required notice may be excused where reasonable. *Hartford Accident & Indemn. Co. v. Creasy, supra.* The notice given need only substantially comply with the requirements of the contract.

■ As noted above, the terms of the payment bond require any claimant to give written notice within ninety days after it "furnishes the last of the materials" for which a claim is made. Inasmuch as the terms of the bond do not define the word

"furnished," the courts must supply a meaning. As that term is used in reference to material supplied by materialmen, reference to the definition of "furnished" as applied in "materialmen's liens" is appropriate. In materialmen's liens, materials are not furnished until the materials are actually delivered to the job site, no matter when the transfer of the title to the goods occurs. We hold that "furnished" as used in the labor and material payment bond also refers to the date that the goods are actually delivered to the job site.

Under the terms of the bond in this case, notice of claim was to be given within ninety days of the delivery of the materials to the job site. The materials were delivered to the Oak Square site on 1 March 1985. The principal on the payment bond filed a bond to remove the materialmen's lien on the Oak Square property on 9 April 1985. On 15 April 1985, the owner of the Oak Square project joined as a co-principal on the bond to remove plaintiff's materialman's lien. Those bonds were clearly filed in response to the filing by plaintiff of its notice of lien. Moreover, Fidelity was the surety for both the payment bond and the bond to remove plaintiff's lien. Thus, all three parties to whom notice under the payments bond could have been given had written notice of the existence of plaintiff's claim. While that notice may not have been delivered in the method provided by the bond, plaintiff has shown substantial compliance with the notice requirement. We therefore hold the chancellor also erred in dismissing plaintiff's action for recovery on the labor and material payment bond.

The judgments of the lower courts in dismissing plaintiff's action for a materialman's lien are affirmed. The judgments of the lower courts in denying recovery on the labor and material payment bond are reversed and plaintiff is awarded judgment against the parties liable under said bond in the amount of $68,529.22. This cause is remanded to the trial court for the entry and enforcement of a decree in accord with this opinion. Costs are adjudged equally against all defendants liable on the bond.

HARBISON, C.J., COOPER and O'BRIEN, JJ., and BYERS, Special Justice, concur.

## OPINION ON PETITION TO REHEAR

Plaintiff has filed a petition to rehear asking the Court to award pre-judgment interest prayed for in its complaint. That issue was not addressed in either of the courts below because plaintiff was denied any recovery and we overlooked it.

Plaintiff will be allowed interest on the amount of the judgment awarded by this Court from the date suit was filed, 28 June 1985, at the rate of 10% per annum pursuant to T.C.A. § 47–14–123. The mandate to the trial court for the entry and enforcement of the decree is amended accordingly.

HARBISON, C.J., COOPER and O'BRIEN, JJ., and BYERS, Special Justice, concur.

## ORDER ON DEFENDANT–APPELLEE'S PETITION TO REHEAR

The petition to rehear this Court's award of post-judgment interest is granted and the order of 29 August 1988 is rescinded.

This case is remanded to the trial court for a hearing and determination of the issue of petitioner's entitlement to post-judgment interest and the entry and enforcement of the appropriate money judgment.

HARBISON, C.J., COOPER and O'BRIEN, JJ., and BYERS, Special Justice, concur.