# IN THE COURT OF APPEALS OF TENNESSEE
## AT JACKSON

RONNIE BRADFIELD,                )
                                 )
        Plaintiff/Appellant,     )  Shelby Circuit No. 51964 T.D.
                                 )
VS.                              )  Appeal No. 02A01-9808-CV-00220
                                 )
CITY OF MEMPHIS, et al,          )
                                 )
        Defendant/Appellee.      )

FILED

August 24, 1999

Cecil Crowson, Jr.
Appellate Court Clerk

APPEAL FROM THE CIRCUIT COURT OF SHELBY COUNTY
AT MEMPHIS, TENNESSEE
THE HONORABLE KAREN R. WILLIAMS, JUDGE


**RONNIE BRADFIELD, pro se**
Pikeville, Tennessee


**ELBERT JEFFERSON, JR.**
**Assistant City Attorney**
Memphis, Tennessee
Attorney for Appellee


**REVERSED AND REMANDED**


**ALAN E. HIGHERS, J.**


**CONCUR:**

**DAVID R. FARMER, J.**

**HOLLY KIRBY LILLARD, J.**

Ronnie Bradfield ("Bradfield" or "Appellant") appeals from the trial court's order

dismissing Bradfield's Writ of Error and/or in the Alternative Motion to Set Aside Judgment of Dismissal.

## I. Factual and Procedural History

On February 19, 1993, Bradfield filed a Complaint of Personal Injury and Property Damage in Circuit Court. Bradfield alleged that he was shot by a City of Memphis policeman on February 21, 1992 without justification or reasonable cause. Bradfield was incarcerated at the time of filing his complaint and remains incarcerated at this time. Bradfield has proceeded *pro se* in this matter.

In response to the Complaint, on or about April 20, 1993, the City of Memphis ("City" or "Appellee") filed a "Motion to Dismiss or, in the Alternative, for Summary Judgment; for More Definite Statement; for Severance; to Strike Jury Demand; and to Strike Excessive Ad Damnum." No hearing was held on the Motion. Bradfield filed an "Entry of Address and Location Correction" on January 3, 1994, indicating his move to a different correctional facility.

At some time prior to June 20, 1995, Bradfield moved the trial court for a continuance of any hearings and requested an extension of time to respond to any pleadings. On June 20, 1995, the City filed a "Motion and Memorandum in Opposition to Plaintiff's Motion for Continuance/Extension of Time; Motion to Show Cause" arguing, among other things, that Bradfield had never responded to the City's prior "Motion to Dismiss." Bradfield responded on or about July 5, 1995 with "Plaintiff's Opposition to Summary Judgment, Motion to Dismiss, Motion to Strike For Jury Demand, and Motion for Excessive Ad Damnum." Bradfield also filed an addendum to his motion for continuance and/or extension of time. Again, none of the motions filed by Bradfield or the City was ever heard or ruled upon by the trial court.

Bradfield filed several motions in August of 1995. On August 11, 1995, Bradfield filed "Submission of Plaintiff's Instructions for Jury," "Plaintiff Motion for Individual Jury Voir

2

Dire" and "Plaintiff Request for Judgment for Default by Defendants for Failure to Respond and Serve Answers to Interrogatives [sic] and Request for Production of Documents." On August 18, 1995, Bradfield filed "Amendment to Plaintiff's Opposition to Summary Judgment." On August 25, 1995, Bradfield filed "Plaintiff Request for Entry of Judgment by Default of the Defendant(s)." None of these motions was heard or ruled upon by the trial court.

In May of 1996, Bradfield filed "Plaintiff's Request for Summary Judgment and Request for a Court Order to Compel the Defendant(s) to Answer Interrogative(s) [sic] and to Produce Requested Copies of Documents" along with an Affidavit in support of his motion. Bradfield also filed "Plaintiff's Motion for 'All' His Motions and Petitions to be Ruled Upon, Plaintiff's Request that his Petition for 'Writ of Habeas Corpus (Ad Testificandum)' be Granted in this Action, Plaintiff's Motions, that the Defendant, City of Memphis, be Compel [sic] to Produced Documents, Answers to Interrogatories." These motions were not heard or ruled upon by the trial court.

In May, 1996, Bradfield received a notice from the Circuit Court Clerk's Office stating that Bradfield's cause of action was set for dismissal for lack of prosecution at 10:00 am on July 1, 1996. In response, Bradfield mailed a certified letter to the clerk of the trial court judge, the court clerk and also to the defendant. The letter was addressed to Judge Williams, noting the notice of dismissal, noting his status as an inmate in the Tennessee Department of Correction, and informing the judge that Bradfield had filed numerous motions, none of which had been considered or ruled upon by the trial court. Bradfield asked the trial court judge to advise him if he had carelessly overlooked something. Bradfield requested that the dismissal for lack of prosecution be denied.

On July 9, 1996, the trial court found that Bradfield failed to appear and give notice of his intent to prosecute, and ordered the action dismissed with costs assessed against Bradfield. Bradfield filed a timely notice of appeal and also filed "Plaintiff Request that 'All' Records and Transcripts be Forward [sic] to the Clerk of the Court of Appeals" and

3

"Plaintiff Motion to Seat Court Cost in Abeyance." The record was not forwarded to this Court by the clerk of the trial court. Thereafter, Bradfield submitted to this Court for filing a copy of the technical record and signed the certification which purports to certify the authenticity of the record. Accordingly, on October 31, 1996, this Court found that the record submitted did not comply with the Tennessee Rules of Appellate Procedure because it was neither prepared by nor transmitted by the trial court clerk and this Court ordered the technical record submitted by Bradfield be returned to him.

On November 15, 1996, Bradfield filed a motion to compel the trial court clerk to transmit the record on appeal to this Court. On November 22, 1996, City of Memphis filed a motion to dismiss the appeal for Bradfield's failure to file a transcript or otherwise comply with the mandates contained in Rule 24 T.R.A.P. Bradfield did not respond to the City's motion and this Court thereafter ordered that the appeal be dismissed for Bradfield's failure to comply with the requirements of Rule 24 T.R.A.P.

On February 10, 1997, Bradfield filed, in the trial court, a "Writ of Error and/or in the Alternate [sic] Motion to Set Aside Judgment of Dismissal." Bradfield requested a March 14, 1997 hearing date on the motion. On July 14, 1998, the trial court entered an order finding that the trial court lacked jurisdiction to rule further on said matter and denied and dismissed Bradfield's motion. It is from that order of the trial court that Bradfield now appeals.

## II. Trial Court Jurisdiction

Bradfield, proceeding *pro se*, contends that the trial court erred in dismissing Bradfield's complaint for failure to prosecute. However, Bradfield's appeal on the merits of that issue was dismissed in an order dated December 31, 1996. This appeal involves only the issue of whether the trial court erred in finding that the trial court lacked jurisdiction to rule on Bradfield's's motion to set aside the judgment and denying and dismissing said

4

motion.[1]

In support of Bradfield's "Writ of Error and/or in the Alternate [sic] Motion to Set Aside the Judgment of Dismissal," Bradfield cites Tenn. Code Ann. § 27-6-101, T.R.C.P. 59 and 60. We shall address each of these in turn.

Tenn. Code Ann. § 27-6-101, namely "Right to Writ" states that a writ of error lies from the final judgment of the court of general sessions to the circuit court or proper appellate court, and from the circuit or chancery court to such appellate court. However, with the promulgation of T.R.A.P. 3(d), the Supreme Court announced the abolition of the writ of error as an appellate procedure. Haynes v. McKenzie Mem. Hosp., 667 S.W.2d 497 (Tenn.App. 1984). Title 27, Chapter 6 was effectively repealed so far as it was in conflict with said rule. In any case, the writ of error was designed to appeal the case to a higher court. It is not a procedure which would allow the trial court to review or re-open a final judgment. The trial court did not err in failing to set aside the judgment based upon § 27-6-101.

Bradfield also cites to T.R.C.P. 59. Rule 59 deals with motions for new trials and/or motions to alter or amend a judgment. To the extent that Bradfield's motion could be construed as a motion for new trial or to alter or amend the judgment, Bradfield's motion must fail as untimely. Rule 59 dictates that such motions must be filed and served within thirty (30) days after judgment has been entered. Bradfield's motion was filed on February 10, 1997, almost seven (7) months after the entry of the order of dismissal. Accordingly,

---

[1]Bradfield filed "Writ of Error and/or in the Alternate [sic] Motion to Set Aside Judgment of Dismissal" in which Bradfield requested that the order of dismissal for lack of prosecution be set aside, that Bradfield's complaint be reinstated, and that Bradfield be allowed to prosecute his complaint. Bradfield also filed a memorandum of law in support of his motion and attached a copy of the original complaint, a copy of his previous motion entitled "Plaintiff's Motion for 'All' His Motions and Petitions to be Ruled Upon, Plaintiff's Request that his Petition for 'Writ of Habeas Corpus (Ad Testificandum)' be Granted in this Action, Plaintiff's Motions, that the Defendant, City of Memphis, be Compel [sic] to Produced Documents, Answers to Interrogatories," and copies of the order of dismissal and Bradfield's letter to the trial court.

The trial court's order mistakenly addresses not only the "Writ of Error . . ." but also Bradfield's previously filed motion "[F]or all His Motions and Petitions to be Ruled Upon . . ." Bradfield merely attached this motion to his memorandum in support of the "Writ of Error . . ." and to the extent that the trial court addressed these motions of Bradfield together with his "Writ of Error . . ." the trial court was in error. The trial court can only address the prior motions of Bradfield if it grants Bradfield's motion to set aside the judgment. We will address the trial court's order to the extent that it ruled upon Bradfield's "Writ of Error and/or in the Alternate [sic] Motion to Set Aside Judgment of Dismissal."

the trial court did not err in failing to alter, amend or set aside the judgment based upon T.R.C.P. 59.

Bradfield cites to T.R.C.P. 60 as authority to set aside the judgment. Rule 60 provides relief from judgments or orders based upon clerical mistakes, mistakes, inadvertence, excusable neglect, fraud, etc. The time limit for filing a Rule 60 motion is within a reasonable time, and for mistake, inadvertence, surprise, excusable neglect, or fraud not more than one year after the judgment, order or proceeding was entered or taken. T.R.C.P. 60.02. As Bradfield filed his motion approximately seven (7) months after the order was entered, it appears that his motion was timely.

The trial court appears to have taken the view that the trial court lacked jurisdiction to entertain Bradfield's motion based upon the prior appeal of the matter to this Court. We find no Tennessee case law which speaks directly to the effect that a completed appeal has upon a Rule 60 motion.

There are Tennessee cases which discuss the correct procedure to be followed when seeking relief under Rule 60 *while an appeal is pending.* In the case of Andrews Distributing v. Oak Square at Gatlinburg, 757 S.W.2d 663, 667 (Tenn. 1988), the Tennessee Supreme Court held that the time restraints applicable to Rule 60 motions are those expressed in T.R.C.P. 60.02, without regard to the status of an appeal and held that the trial court had jurisdiction to hear the plaintiff's Rule 60 motion even when the appeal was pending in the Court of Appeals.

In the case of Spence v. Allstate Ins. Co., 883 S.W.2d 586 (Tenn. 1994), the Tennessee Supreme Court changed its stance on this issue. As there is no guidance in Rule 60.02 as to the proper court in which to file the motion once an appeal is pending, the Supreme Court looked to cases interpreting Rule 60(b) of the Federal Rules of Civil Procedure which is substantially similar to our Rule 60.02. The Supreme Court noted that more courts seem to adhere to the view that the district court may consider the Rule 60(b)

6

motion during the pendency of the appeal, and if the district court is inclined to grant the motion, the movant may apply to the appellate court for an order of remand.

Ultimately, the Tennessee Supreme Court declined to adopt a rule that would allow a case to be pending in more than one court at a time. The Tennessee Supreme Court found that the potential for either administrative oversight or for a misallocation of valuable judicial resources engendered by allowing the trial court to entertain motions for relief from judgment once an appeal is pending outweighs the consideration of judicial economy promoted by allowing the trial courts to consider such motions. Spence at 596. The Court held that a trial court has no jurisdiction to consider a Rule 60.02 motion during the pendency of an appeal. Id. "If a party wishes to seek relief from the judgment during the pendency of an appeal, he should apply to the appellate court for an order of remand." Id.

While we acknowledge that a trial court has no jurisdiction to consider a Rule 60.02 motion during the pendency of an appeal, the case before us differs from that situation. In the case at hand, Bradfield filed his Rule 60 motion within the applicable time period found in Rule 60.02 and after his appeal was concluded. The question before us is whether the trial court had jurisdiction to entertain this motion after Bradfield's appeal was concluded.

We do find this issue addressed briefly by the Eastern section of this Court in a footnote in the case of Ellison v. Alley, 902 S.W.2d 415 (Tenn.App. 1995). In Ellison, vendor sued real estate brokers for breach of fiduciary duty in the sale of a farm. On the original appeal, the Tennessee Supreme Court held that the brokers were not entitled to commission. Following remand, the brokers moved to set aside the adverse judgment on grounds that vendor committed fraud in securing judgment against them. The motion was denied as untimely as it was filed more than one year after the challenged judgment was entered.

In a footnote in Ellison, the Eastern section of this Court discussed the fact that the case was pending on appeal during the year following entry of the judgment, and that

7

accordingly the trial court had no jurisdiction to consider a Rule 60 motion during the pendency of the appeal. Ellison at 418. The Court then stated that said situation does not affect the requirement that a motion based upon fraud be filed within one year of judgment from which relief was sought. Id. The party seeking relief under Rule 60 could have applied to the appellate court for an order of remand. Id.

Importantly, the Court then went on to say that it is immaterial that first the Court of Appeals and then the Supreme Court modified the trial court's earlier judgment. Neither of the appellate courts modified the basic holding of the trial court and the one attacked in the Rule 60.02 motion. Ellison at 418. This Court then stated, "We do not address the issue of when a Rule 60.02 motion would need to be filed when an appellate court substantially modifies, by reversal or otherwise, the lower court's judgment." Id.

While the Court in Ellison did not specifically address the issue of whether a trial court lacks jurisdiction to hear a Rule 60 motion after a completed appeal, it specifically noted that it was immaterial that the case had proceeded through the Court of Appeals and Supreme Court and modified by both (although not modifying the basic holding). It does not appear that the Court was troubled by the fact that the case had proceeded through the Court of Appeals and Supreme Court. Additionally, although the holding in Andrews, as to jurisdiction of the trial court *while an appeal is pending,* was ultimately overruled, we still have the language from the Tennessee Supreme Court in that case that the time restraints applicable to Rule 60 motions are those expressed in T.R.C.P. 60.02, without regard to the status of an appeal.

In federal court, this issue was been decided in favor or continuing jurisdiction in the district court to hear a Rule 60(b) motion after an appeal. In 1976, in Standard Oil Co. of California v. U.S., 97 S.Ct. 31, 429 U.S. 17, 50 L.Ed.2d 21 (1976), the Supreme Court held that the district court may entertain a Rule 60(b) motion after an appeal without leave of the appellate court. Of course, the district judge is not free to ignore the decision of the appellate court so far as it goes, but he is free to consider whether circumstances not previously known to either court compel a new trial. 97 S.Ct.. at 32.

We note, however, that the circumstances of this case make our decision somewhat easier. In the case at hand, the appeal to this Court was dismissed on technical grounds, and did not involve the merits of the case. The order of this Court dismissing Bradfield's appeal neither encompassed nor disposed of any of the issues raised by Bradfield in his Rule 60 motion.

In federal court, it appears that even before the Supreme Court decided in favor or continuing jurisdiction in the district court to hear a Rule 60(b) motion after an appeal, the trial court had continuing jurisdiction where the appeal was dismissed on technical grounds. As explained in 7 Moore's Federal Practice (1972 ed.), 60.30 [2], at page 424:

> And first, we shall consider the case where the appeal is dismissed, without a decision on the issues. * * * Since there is no problem of deviating from the appellate court's mandate and since the appeal no longer pends, the district court has the power to entertain a timely motion for relief under 60(b).

Based upon the current stance of the federal court interpreting the similar F.R.C.P. 60, and upon the language in the aforementioned Tennessee cases, we hold that the trial court retains jurisdiction to rule upon a timely T.R.C.P. 60 motion when an appeal has been dismissed on procedural grounds by an appellate court. As it is not necessary for the disposition of this case, we decline to decide the larger issue of the effect a completed appeal on the merits has upon the trial court's jurisdiction to entertain a timely T.R.C.P. 60 motion.

For the foregoing reasons, the trial court erred in finding that it had no jurisdiction to entertain Bradfield's motion and erred in dismissing said motion to the extent that Bradfield sought relief under Rule 60. __

### III. Conclusion

The judgment of the trial court is hereby reversed and remanded for proceedings consistent with this opinion. Costs of this appeal are taxed Appellee, for which execution may issue if necessary.___

_____
HIGHERS, J.


CONCUR:


_____
FARMER, J.


_____
LILLARD, J.