# IN THE COURT OF APPEALS OF TENNESSEE
## AT KNOXVILLE
### March 24, 2004 Session

## RUFFIN BUILDING SYSTEMS, INC. v. LARRY GENE VARNER, AN INDIVIDUAL, ET AL.

**Appeal from the Chancery Court for Sullivan County**
No. 31384(L)     Richard E. Ladd, Chancellor

**FILED MAY 21, 2004**

**No. E2003-1677-COA-R3-CV**

Larry Gene Varner and Todd Duncan ("Defendants") contracted with Joel Frazier d/b/a Timberline Construction Company ("Timberline") for construction of a building on Defendants' property. Timberline then contracted with Ruffin Building Systems, Inc. ("Plaintiff") for Plaintiff to provide certain materials for the construction. Defendants paid Timberline, but Timberline never paid Plaintiff. Plaintiff sued Defendants on its materialman's lien. The Trial Court granted Defendants summary judgment holding, *inter alia*, that Plaintiff did not comply with the notice requirements of Tenn. Code Ann. § 66-11-115. Plaintiff appeals. We affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed; Case Remanded**

D. MICHAEL SWINEY, J., delivered the opinion of the court, in which HERSCHEL P. FRANKS, P.J., E.S., and BEN H. CANTRELL, SP. J., joined.

L. Eric Ebbert, Kingsport, Tennessee, for the Appellant, Ruffin Building Systems, Inc.

O. Taylor Pickard, Jr., Kingsport, Tennessee, for the Appellees, Larry Gene Varner and Todd Duncan.

## OPINION

## Background

The operative facts in this case are undisputed. Defendants contracted with Timberline to have Timberline construct a building on property owned by Defendants. Timberline then contracted with Plaintiff for Plaintiff to provide certain materials to be used in the building project on Defendants' property. Plaintiff's and Timberline's contract provided for payment net 30 days.

On December 13, 2000, Plaintiff delivered to Defendants' property all of the building materials required under its contract with Timberline. Defendants made partial payment to Timberline pursuant to the agreement between them, but Timberline never paid Plaintiff. Since that time, Timberline apparently has filed for bankruptcy. Timberline did not complete the building and Defendants hired another company to complete the work. A Notice of Completion was recorded on May 18, 2001.

On March 14, 2001, ninety-one days after its delivery of building materials, Plaintiff sent a Notice of Nonpayment to Defendants. Defendants did receive this notice. Plaintiff recorded its Notice of Lien on March 16, 2001. Plaintiff then sued Defendants on June 11, 2001 seeking to foreclose a materialman's lien pursuant to Tenn. Code Ann. § 66-11-126(3).

Plaintiff and Defendants each filed a motion for summary judgment. In its order filed April 16, 2003, the Trial Court held, *inter alia*, that the notice that Plaintiff sent to Defendants on March 14, 2001, was timely made and denied both motions for summary judgment. Defendants filed a Motion to Reconsider asking the Trial Court to reconsider its ruling on the issue of whether Plaintiff gave timely notice under Tenn. Code Ann. § 66-11-115. The Trial Court reconsidered its April 16, 2003, order and found, *inter alia*, that Plaintiff mailed the Notice to Owner on March 14, 2001, ninety-one days after Plaintiff delivered the materials. The Trial Court entered an order June 15, 2003, holding, *inter alia*, that because Plaintiff did not give notice within ninety days of Plaintiff's last delivery of materials, Defendants were entitled to summary judgment as a matter of law. Plaintiff appeals to this Court.

## Discussion

Although not stated exactly as such, Plaintiff raises two issues on appeal: 1) whether for purposes of complying with Tenn. Code Ann. § 66-11-115, a materialman's contract expires on the date payment is due rather than upon the last date of delivery of materials; and 2) whether Plaintiff timely provided notice to Defendants as required by Tenn. Code Ann. § 66-11-115 by filing the complaint and obtaining service on Defendants within ninety days of the completion of the project. Defendants raise two additional issues, which we restate as: 1) whether the Trial Court erred in refusing to dismiss the case because the oath to the complaint and the attachment bond were

defective and the time to correct these deficiencies expired; and 2) whether the Trial Court erred in refusing to grant Defendants summary judgment because no attachment issued after Plaintiff corrected the defects in the oath to the complaint and the attachment bond.

As our Supreme Court has instructed:

The standards governing an appellate court's review of a motion for summary judgment are well settled. Since our inquiry involves purely a question of law, no presumption of correctness attaches to the lower court's judgment, and our task is confined to reviewing the record to determine whether the requirements of Tenn. R. Civ. P. 56 have been met. *See Hunter v. Brown,* 955 S.W.2d 49, 50-51 (Tenn. 1997); *Cowden v. Sovran Bank/Central South,* 816 S.W.2d 741, 744 (Tenn. 1991). Tennessee Rule of Civil Procedure 56.04 provides that summary judgment is appropriate where: (1) there is no genuine issue with regard to the material facts relevant to the claim or defense contained in the motion, *see Byrd v. Hall,* 847 S.W.2d 208, 210 (Tenn. 1993); and (2) the moving party is entitled to a judgment as a matter of law on the undisputed facts. *See Anderson v. Standard Register Co.,* 857 S.W.2d 555, 559 (Tenn. 1993). The moving party has the burden of proving that its motion satisfies these requirements. *See Downen v. Allstate Ins. Co.,* 811 S.W.2d 523, 524 (Tenn. 1991). When the party seeking summary judgment makes a properly supported motion, the burden shifts to the nonmoving party to set forth specific facts establishing the existence of disputed, material facts which must be resolved by the trier of fact. *See Byrd v. Hall,* 847 S.W.2d at 215.

To properly support its motion, the moving party must either affirmatively negate an essential element of the non-moving party's claim or conclusively establish an affirmative defense. *See McCarley v. West Quality Food Serv.,* 960 S.W.2d 585, 588 (Tenn. 1998); *Robinson v. Omer,* 952 S.W.2d 423, 426 (Tenn. 1997). If the moving party fails to negate a claimed basis for the suit, the non-moving party's burden to produce evidence establishing the existence of a genuine issue for trial is not triggered and the motion for summary judgment must fail. *See McCarley v. West Quality Food Serv.,* 960 S.W.2d at 588; *Robinson v. Omer,* 952 S.W.2d at 426. If the moving party successfully negates a claimed basis for the action, the non-moving party may not simply rest upon the pleadings, but must offer proof to establish the existence of the essential elements of the claim.

The standards governing the assessment of evidence in the summary judgment context are also well established. Courts must view the evidence in the light most favorable to the nonmoving party and must also draw all reasonable inferences in the nonmoving party's favor. *See Robinson v. Omer,* 952 S.W.2d at 426; *Byrd v. Hall,* 847 S.W.2d at 210-11. Courts should grant a summary judgment only when both the facts and the inferences to be drawn from the facts permit a

reasonable person to reach only one conclusion. *See McCall v. Wilder,* 913 S.W.2d 150, 153 (Tenn. 1995); *Carvell v. Bottoms,* 900 S.W.2d 23, 26 (Tenn. 1995).

*Staples v. CBL & Assocs., Inc.,* 15 S.W.3d 83, 88-89 (Tenn. 2000) (footnote omitted).

Both of Plaintiff's issues deal with whether Plaintiff complied with Tenn. Code Ann. § 66-11-115, which provides, in pertinent part:

Mechanic's lien - - Notice to owner

(a) Every journeyman or other person contracted with or employed to work on the buildings, fixtures, machinery, or improvements, or to furnish materials for the same, whether such journeyman, furnisher, or other person was employed or contracted with by the person who originally contracted with the owner of the premises, or by an immediate or remote subcontractor acting under contract with the original contractor, or any subcontractor, shall have this lien for such work or material; provided, that the subcontractor, laborer or materialman satisfies all of the requirements set forth in § 66-11-145, if applicable.

(b) Within ninety (90) days after the demolition and/or building or improvement is completed, or the contract of such laborer, mechanic, furnisher, or other person shall expire, or such person is discharged, such person shall notify, in writing, the owner of the property on which the building is being erected or the improvement is being made, or the owner's agent or attorney, if the owner resides out of the county, that the lien is claimed.

Tenn. Code Ann. § 66-11-115 (2003). To comply with the notice requirement of Tenn. Code Ann. § 66-11-115, Plaintiff had to notify Defendants in writing that a lien was claimed within ninety days of either the completion of the building, the expiration of Plaintiff's contract, or Plaintiff's discharge.

We begin by addressing whether for purposes of complying with Tenn. Code Ann. § 66-11-115 a materialman's contract expires on the date payment is due or upon the last date of delivery of materials. Plaintiff contends it complied with Tenn. Code Ann. § 66-11-115 by providing notice within ninety days of the date its contract expired. Plaintiff argues that contrary to the Trial Court's conclusion, Plaintiff's contract did not expire upon the last date of its delivery of materials. Rather, Plaintiff argues that its contract provided for payment net thirty days and, because of this, the contract did not expire until the date payment was due thirty days after the delivery of the materials. Plaintiff argues that its contract could not expire upon its last delivery of materials because Defendants still had uncompleted obligations, i.e., to pay, and that a contract does not expire until all obligations are complete or are breached. In support of this argument Plaintiff cites to two provisions of the Uniform Commercial Code. Specifically, Plaintiff cites Tenn. Code Ann. § 47-1-201, which defines a contract as "the total legal obligation which results from the parties' agreement . . . ." Tenn. Code Ann. § 47-1-201(11) (2003). Plaintiff also cites Tenn. Code Ann. § 47-2-301,

-4-

which discusses the obligations of parties to a contract stating "[t]he obligation of the seller is to transfer and deliver and that of the buyer is to accept and pay in accordance with the contract." Tenn. Code Ann. § 47-2-301 (2003).

Plaintiff admits that under Tenn. Code Ann. § 47-2-310, payment is due at the time and place at which the buyer receives the goods unless the parties agree otherwise. Tenn. Code Ann. § 47-2-310(a) (2003). However, Plaintiff contends that the parties did agree otherwise in this situation. However, the parties who agreed otherwise were Timberline and Plaintiff. Defendant was not a party to this agreement.

Plaintiff also argues that if the Legislature intended that the notice had to be provided within ninety days of the last date of delivery of materials, it could have specifically stated this rather then using the expiration of the contract as the starting date. In support of this contention, Plaintiff cites Tenn. Code Ann. § 66-11-145, which states, in pertinent part, "[e]very . . . materialman contracted . . . to furnish materials . . . shall provide, within ninety (90) days of the last day of the month within which work, services or materials were provided, a notice of nonpayment . . . to the owner and contractor . . . ." Tenn. Code Ann. § 66-11-145(a) (2003). Plaintiff argues that since the Legislature specifically stated in Tenn. Code Ann. § 66-11-145 that notice shall be provided within ninety days of the last day of the month within which materials were provided and did not use the same language in Tenn. Code Ann. § 66-11-115, the term "expire" as used in Tenn. Code Ann. § 66-11-115 means something other than the last date upon which materials were delivered.

Further, Plaintiff argues that *Bristol Brick Works v. King Coll.*, an 1896 case, held that the contract in that case did not expire upon the date of last delivery of materials but, rather, that the agreement between the parties governed the expiration. *Bristol Brick Works v. King Coll.*, 41 S.W. 1069 (Tenn. Ct. Ch. App. 1896). Thus, Plaintiff contends that *Bristol Brick Works* is controlling precedent. Plaintiff, however, has misconstrued the import of *Bristol Brick Works*. In that case, the Court held that "in cases of contract for continuing the source or supply of material to be ordered by a contractor the contract is open, and has not expired until the actual completion of the particular work contracted for, or for which the materials are to be supplied." *Id*. at 1070. Thus, *Bristol Brick Works* dealt with an open contract for a continuing supply of material. The case at hand, however, deals with a one-time delivery of materials, not an ongoing business relationship and, therefore, the holding in *Bristol Brick Works* is not dispositive of this issue in this case.

While Plaintiff's arguments are well made, we disagree with Plaintiff's position. It has long been the rule in Tennessee that a materialman may claim a lien for materials incorporated in an improvement in real property if the materialman fully complies with the statutory requirements. *E.g., Andrews Distrib. Co. v. Oak Square at Gatlinburg, Inc.*, 757 S.W.2d 663, 665 (Tenn. 1988), *overruled in part on other grounds by Spence v. Allstate Ins. Co.*, 883 S.W.2d 586, 596 n.5 (Tenn. 1994). "Tennessee generally requires strict compliance with its lien statutes. Strict compliance is required because '[a] materialman's lien is altogether statutory, and, when the lawmaking body prescribes the terms upon which it may be asserted, it is beyond the power of [courts] to waive its provisions or substitute others.'" *Vulcan Materials Co. v. Gamble Constr. Co.,* 56 S.W.3d 571, 573-

74 (Tenn. Ct. App. 2001) (citations omitted; addition in original). In this case, we hold Plaintiff did not comply with the statutory notice requirements of Tenn. Code Ann. § 66-11-115 and, thus, is not entitled to a lien under that statute.

Tennessee Code Annotated § 66-11-115 originally was enacted in the 1800's, long before the adoption of the Uniform Commercial Code provisions that Plaintiff cites in support of his argument. Although there are no Tennessee cases that directly address the question of when a contract to supply materials expires, at common law when one furnished material to a building site, payment was due at the time of delivery and everyone agreed that the contract expired at that time. *See e.g., Andrews Distrib. Co.*, 757 S.W.2d at 665 (construing Tenn. Code Ann. § 66-11-115 and stating "the actual issue is whether plaintiff gave notice to the property owner within ninety days of the date the last of the material was *furnished*." (emphasis in original)); *Bird Bros. v. Southern Sur. Co.*, 200 S.W. 978, 979 (Tenn. 1918) (dealing with a precursor to Tenn. Code Ann. § 66-11-115 and stating: "In the case of a furnisher of material he must serve his notice within 30 days after the last material is furnished . . . ."); *Cole Mfg. Co. v. Falls*, 22 S.W. 856, 857 (Tenn. 1893) (dealing with a precursor to Tenn. Code Ann. § 66-11-115 and stating: "Complainant's contract with Rempe expired on . . . the day on which it furnished the last of the materials it was employed to furnish."

As this Court stated in *Jo Ann Forman, Inc. v. National Council on Comp. Ins., Inc.*:

> The legislature is presumed to know the interpretation which courts make of its enactments; the fact that the legislature has not expressed disapproval of a judicial construction of a statute is persuasive evidence of legislative adoption of the judicial construction, especially where the law is amended in other particulars, or where the statute is reenacted without change in the part construed.

*Jo Ann Forman, Inc. v. National Council on Comp. Ins., Inc.*, 13 S.W.3d 365, 373 (Tenn. Ct. App. 1999) (quoting *Hamby v. McDaniel*, 559 S.W.2d 774, 776 (Tenn. 1977) (citations omitted)). Tennessee Code Annotated § 66-11-115 has been revised by our Legislature several times since it originally was enacted. As the Legislature is presumed to know the common law interpretation that expiration of a contract to supply materials, for purposes of Tenn. Code Ann. § 66-11-115, meant expiration upon the last date of delivery of materials, and the Legislature has not amended or revised the statute to read otherwise, we can only conclude that the Legislature intended for the term "expire", as used in this statute, to mean upon the last date of delivery of materials.

We hold that for purposes of complying with Tenn. Code Ann. § 66-11-115, a materialman's contract expires on the last date of delivery of materials rather than on the date payment is due. To hold otherwise would result in the potential for continuing liability of an owner as the materialman unilaterally could postpone the time for payment or keep extending such time indefinitely without the owner's knowledge. Plaintiff's brief states "[p]arties can negotiate the expiration of the contract to occur after the date of last delivery of the materials." However, our Legislature provided for a specific time period in which mechanic's liens must be filed and perfected and for a specific time period in which to notify the owner of the property. Most certainly, our

Legislature did not intend for these specific time periods to be circumvented by agreements between contractors and subcontractors that could result in liability for owners, subsequent purchasers, mortgagees, etc. who would be without notice of such agreements. While the Legislature's adoption of the notice of completion after improvements provision contained in Tenn. Code Ann. § 66-11-143(a) does provide some protection to a property owner, under Plaintiff's interpretation, it would not prevent a materialman from unilaterally extending its materialman's lien rights under Tenn. Code Ann. § 66-11-115 to some indefinite date short of the deadline created by the filing of a notice of completion. More importantly, and as already discussed, the dispositive question is what was the Legislature's intent when it enacted Tenn. Code Ann. § 66-11-115. We believe the clear Legislative intent was that the contract "shall expire" on the day of the materialman's last delivery of material to the site, a date certain.

We turn now to the issue of whether Plaintiff provided timely notice to Defendants as required by Tenn. Code Ann. § 66-11-115 by filing the complaint and obtaining service on Defendants within ninety days of the completion of the project. Plaintiff admitted during oral argument before this Court that this issue and argument were not raised below. As this issue was not raised in the Trial Court, it is not properly before us on appeal. We, therefore, decline to address this issue or to grant Plaintiff any relief relative to this issue.

Our determination of Plaintiff's issues renders Defendants' issues moot. We, therefore, need not address the two additional issues raised by Defendants.

As there is no genuine issue with regard to the material facts relevant to Defendants' defense that Plaintiff failed to provide timely notice pursuant to Tenn. Code Ann. § 66-11-115, and as Defendants are entitled to a judgment as a matter of law on the undisputed facts, we affirm the grant of summary judgment to Defendants.

### Conclusion

The judgment of the Trial Court is affirmed, and this cause is remanded to the Trial Court for collection of the costs below. The costs on appeal are assessed against the Appellant, Ruffin Building Systems, Inc., and its surety.

_____
D. MICHAEL SWINEY, JUDGE